UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
DAVID SCONDRAS,                          )
       Plaintiff                                    )     CIVIL ACTION
                                                     )
  v.                                             )     NO.
                                                     )
CITY OF LAWRENCE, Lawrence Police )
Department, Massachusetts; RYAN SHAFFER, in )
his individual and official capacity; ERIC )
CERULLO, in his individual and official capacity; )
JOHN FORNESI , in his individual and official )
capacity; MICHAEL FORNESI, in his individual )
and official capacity; and SERGEANT )
PAPPALARDO (first name unknown), in his )
individual and official capacity,        )
       Defendants                                )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION

1. This action is brought pursuant to 42 USC Sections 1983 and 1988 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred via 28 USC §§ 1331 and 1343 (1), (3), (4) and the aforementioned statutory and constitutional provisions.

2. The Plaintiff invokes the pendent jurisdiction of this Court and its supplemental jurisdiction under 28 USC § 1367 to also consider claims arising under Massachusetts state law;

### PARTIES

1

3. The Plaintiff, David Scondras, is, or was at all times pertinent, an individual who resides in Cambridge, County of Middlesex, Massachusetts;

4. The Defendant, City of Lawrence, Lawrence Police Department Massachusetts is a duly established municipality and municipal police department in the Commonwealth of Massachusetts;

5. The Defendant, Ryan Shaffer, was at all time pertinent, a police officer employed by the City of Lawrence Police Department. He is being sued in both his individual and official capacities;

6. The Defendant, Eric Cerullo, is, and was at all time pertinent, a police officer employed by the City of Lawrence Police Department. He is being sued in both his individual and official capacities;

7. The Defendant, John Fornesi, is, and was at all time pertinent, a police officer employed by the City of Lawrence Police Department. He is being sued in both his individual and official capacities;

8. The Defendant, Michael Fornesi, is, or was at all times pertinent, an individual who resides in Lawrence, County of Essex, Massachusetts;

9. The Defendant, Sergeant Pappalardo, is, and was at all time pertinent, a police officer employed by the City of Lawrence Police Department. He is being sued in both his individual and official capacities;

## FACTS

10. The Plaintiff repeats and reasserts paragraphs 1 through 9 as if set forth herein;

11. On or about October 9, 2006, at approximately 12:30 a.m., the Plaintiff was logged into an AOL "chat room" established for gay males;

12. While logged into this chat room, the Plaintiff sent and received numerous instant messages to and from another chat room user, later identified as Michael Fornesi. The tone and nature of these messages was sexually explicit in nature;

13. Unbeknownst to the Plaintiff, Michael Fornesi had informed then Lawrence Police officer Sergeant Ryan Shaffer of his participation in the chat room, shown him one of the sexually explicit messages, and thereafter continued to participate in the chat room exchange with the Plaintiff at the behest and direction of Sergeant Shaffer;

14. Under the direction of Sergeant Shaffer, Michael Fornesi indicated his willingness to engage in sexual activity with the Plaintiff and in one message stated he was fifteen years old. The Plaintiff provided his cell phone number and the conversation then shifted from the chat room to cell phone communications;

15. Sergeant Shaffer monitored and directed Michael Fornesi's cell phone communication by having the calls placed on speaker phone;

16. Micheal Fornesi stated his name was "Josh". He was instructed to direct the Plaintiff to come to Lawrence to meet at a parking lot nearby the Lawrence General Hospital, where Mr. Fornesi had just finished working a shift as a security guard;

17. Sergeant Shaffer and Michael Fornesi set up surveillance in or near the parking lot, while Michael Fornesi continued to provide directions to the Plaintiff via his cell phone;

18. The Plaintiff pulled his car into the parking lot as directed;

19. The Plaintiff got out of his car and heard "Josh" call out to him and direct him to a corner of the parking lot;

20. The Plaintiff headed in the direction he was called toward which led him toward a darkened corner of the parking lot. He was then confronted by Sergeant Shaffer and Michael Fornesi, who both shone flashlights in his face, which made it difficult for the Plaintiff to see well. However, he could see that Sergeant Shaffer had a gun pointed at him;

21. The Plaintiff was unable to see a badge or uniform that identified Sergeant Shaffer as a law enforcement officer and he did not hear anyone verbally identify himself as a police officer. The Plaintiff did hear both men yelling and one of them stated "we'll teach you to come to Lawrence". Fearing for his safety and that he was about to be the subject of a potential "gay bashing", the Plaintiff turned to try and run away;

22. The Plaintiff was then violently thrown prone to the ground. He attempted to state that he could not lie in that position due to a prior heart attack. The Plaintiff was then struck hard in his head by an unknown object which drove his mouth into the ground hard enough to fracture a tooth;

23. The Plaintiff then felt the barrel of a pistol shoved into his head. Sergeant Shaffer called him a "fucking faggot" and threatened to kill him if he moved;

24. Michael Fornesi had rushed up by this time and helped pin the Plaintiff to the ground. The Plaintiff was then struck repeatedly in the right side of his head and all over his body by both Michael Fornesi and Ryan Shaffer. An additional police officer, John Fornesi, arrived and kicked him in his lower extremities;

25. The Plaintiff sustained multiple bruises and contusions, and received a large laceration to the right side of his scalp which bled profusely;

26. The Plaintiff received no medical treatment or attention on-scene despite his significant visible injuries;

27. The Plaintiff was instead placed in the back of a marked police cruiser and transported to the police station for booking by Sergeant Pappalardo;

28. At no point did Sergeant Pappalardo document the Plaintiff's injuries or provide, obtain, or even offer, medical attention to him;

29. While at the police station the Plaintiff's head injury continued to bleed profusely;

30. Officer John Fornesi searched him and placed the Plaintiff in a holding cell;

31. At no point did Officer Fornesi provide, obtain, or even offer, medical attention to the Plaintiff;

32. The Plaintiff was booked by Officer Cerullo;

33. The Plaintiff asked Officer Cerullo for medical treatment and was told he would not be bailed if he got medical treatment and could get it for himself if he made bail;

34. At no point did Officer Cerullo provide, obtain, or even offer, medical attention to the Plaintiff;

35. The Plaintiff was eventually able to post $500 bail and after being released immediately went to the Cambridge Medical Center for treatment;

36. The Plaintiff received two staples to bind his head wound;

37. The Plaintiff had suffered a concussion that past winter which left him with a cyst-like lump on his brain. The violent blow to his skull the night of his arrest caused that cyst to seep fluid. Over the weeks and months following the incident, the continued seepage resulted in pressure to the brain which affected the Plaintiff's speech, sight, motor skills and cognitive abilities. He had to have surgery to repair the damage done;

COUNT I
USE OF EXCESSIVE FORCE
IN VIOLATION OF THE FOURTH AMENDMENT
(AGAINST ALL DEFENDANTS WITH THE EXCEPTION
OF ERIC CERULLO)

38. The Plaintiff repeats and reasserts paragraphs 1 through 37 as if set forth herein;

39. The Plaintiff held nothing in his hands and offered no physical resistance when confronted;

40. Despite presenting no threat of force, let alone possible deadly force, the Plaintiff was threatened with deadly force by Sergeant Shaffer;

41. There was no excuse or justification for such a high level of force used by Sergeant Shaffer and his doing so was objectively unreasonable under the circumstances;

42. The Plaintiff was sixty one years old at the time of the incident and suffered from a number of medical conditions, including gout and hypertension. He posed no objective physical threat to the Defendants;

43. The Plaintiff was struck repeatedly by Sergeant Shaffer, Officer Fornesi, and Michael Fornesi as he was forcibly held prone on the ground;

44. The acts of those Defendants constituted the use of objectively excessive and unreasonable force under all the circumstances of the Plaintiff's arrest;

45. At the time of the events described, it was clearly established law that the use of excessive force violated clearly-established constitutional rights;

46. As the direct and proximate result of the Defendants' actions, the Plaintiff suffered painful injuries, including a large laceration to his scalp;

47. Further, the Plaintiff was not offered or given any medical treatment his injuries despite being right next to the hospital;

48. As the direct and proximate result of the Defendants' actions, the Plaintiff received multiple bruising, contusions, a laceration to his scalp, and suffered severe emotional distress including, but not limited to, anxiety, sleeplessness, anger, and outrage;

## COUNT II
## CRUEL AND UNUSUAL PUNISHMENT
## IN VIOLATION OF THE EIGHTH AMENDMENT
## (AGAINST ALL DEFEDANTS)

49. The Plaintiff repeats and reasserts paragraphs 1 through 48 as if set forth herein;

50. The Defendant Michael Fornesi, at all times relevant to this action, acted in concert with and under the direction of Sergeant Shaffer thereby establishing himself as an agent of the police for constitutional purposes;

51. The Defendants had a constitutional duty to insure the Plaintiff received adequate medical treatment immediately following his arrest;

52. The constitutional obligation to provide the plaintiff with medical treatment was ongoing during his incarceration throughout the booking process;

53. Lawrence Police Department's written policies and procedures specifically required that immediate medical treatment be provided to injured detainees;

54. In direct contravention to both their Constitutional and department policies, the Defendants denied and failed to provide the Plaintiff medical treatment;

55. Detainees of and those injured by members of the Lawrence Police Department are routinely not provided with medical treatment;

56. Despite this common practice, the Lawrence Police Department has taken no measures to prevent its recurrence, either through disciplinary proceedings, increased supervision or additional training;

57. As a direct and proximate result of the Defendants' actions, the Plaintiff was deprived of prompt and necessary medical treatment which significantly increased the pain and suffering as result of the injuries he had received;

COUNT III
ASSAULT & BATTERY
(AGAINST DEFENDANTS RYAN SHAFFER, MICHAEL FORNESI, AND JOHN FORNESI)

58. The Plaintiff repeats and reasserts paragraphs 1 through 57 as if set forth herein;

59. The Plaintiff did not consent to being punched and kicked by the Defendants;

60. The Plaintiff did not present either a threat of deadly force to the Defendants or a threat of serious bodily injury to them;

61. There was no legal justification for the Defendants to have punched, kicked, and/or placed a gun to the head of the Plaintiff, and their actions could in no way be construed as accidental;

62. The Plaintiff was injured as a result of the Defendants' actions and required medical treatment for them;

COUNT IV
MONELL LIABILITY
(AGAINST CITY OF LAWRENCE, MASSACHUSETTS)

63. The Plaintiff repeats and reasserts paragraphs 1 through 52 as if set forth herein;

64. Detainees of and those injured by members of the Lawrence Police Department are routinely not provided with medical treatment;

65. The Lawrence Police Department was aware of this practice;

66. Despite this common practice, the Lawrence Police Department took no measures to prevent its recurrence, either through disciplinary proceedings, increased supervision or additional training;

67. The failure of the Lawrence Police Department to take corrective action led to ongoing violations of citizens' constitutional rights;

68. Through the inaction of the Lawrence Police Department, the City of Lawrence adopted a policy, practice or custom of allowing constitutional violations by its police officers;

69. As a direct and proximate result of this policy, practice or custom, the Plaintiff was deprived of medical treatment which significantly increased his pain and suffering and other emotional distress, including, but not limited to, anxiety, sleeplessness, and anger.

## DEMAND FOR JURY TRIAL

The Plaintiff requests a trial before a jury in this case;

## RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests that the finder of fact award;

1. Compensatory monetary damages;
2. Monetary damages for emotional distress;
3. Punitive monetary damages;
4. Attorneys fees and costs;

5. Pre-judgment and post-judgment interest; and

6. Such other relief as is just and equitable under the circumstances.

        Respectfully submitted,
        David Scondras
        By his attorney,

        /s/ Viktor Theiss
        Viktor Theiss
        BBO #565096
        KormanTheiss, LLC
        359 Boylston Street, 4th Floor
        Boston, MA 02116
        (617) 259-1795
        Email: vat@kormantheiss.com

Dates: 09/30/09