UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 1:09-CV-11657-NMG

DAVID SCONDRAS
PLAINTIFF

v.

CITY OF LAWRENCE, Lawrence Police
Department, Massachusetts; RYAN
SHAFFER, in his individual and official
capacity; ERIC CERULLO, in his individual
and official capacity; MICHAEL FORNESI,
in his individual and official capacity; and
SERGEANT PAPPALARDO (first name
Unknown), in his individual and official
capacity,

DEFENDANTS

## ANSWER OF THE DEFENDANT, CITY OF LAWRENCE/LAWRENCE POLICE DEPARTMENT

Now comes the Defendant, City of Lawrence/Lawrence Police Department, which does hereby answer the Complaint of the Plaintiff, David Scondras, as follows:

### JURISDICTION

1.      The averments contained in Paragraph 1 do not require a response in the affirmative or negative from the Defendant.

2.      The averments contained in Paragraph 2 do not require a response in the affirmative or negative from the Defendant.

### PARTIES

3.      The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 3 of the Complaint.

4.    Admitted, insofar as the City of Lawrence is a municipality, established under the Massachusetts General Laws, with its principal office located at City Hall, 200 Common Street, Lawrence, MA.

5.    Admitted, insofar as the Defendant, Ryan Shaffer, was at all times pertinent, a police officer employed by the City of Lawrence. The remaining averment contained in Paragraph 5 does not require a response in the affirmative or the negative from the Defendant.

6.    Admitted, insofar as the Defendant, Eric Cerullo, was at all times pertinent, a police officer employed by the City of Lawrence. The remaining averment contained in Paragraph 6 does not require a response in the affirmative or the negative from the Defendant.

7.    Admitted, insofar as the Defendant, Eric Cerullo, was at all times pertinent, a police officer employed by the City of Lawrence. The remaining averment contained in Paragraph 7 does not require a response in the affirmative or the negative from the Defendant.

8.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 8 of the Complaint.

9.    Admitted, insofar as the Defendant, Sgt. Pappalardo, was at all times pertinent, a police officer employed by the City of Lawrence. The Defendant further states that the first name of Sgt. Pappalardo is "Dawn". The remaining averment contained in Paragraph 9 does not require a response in the affirmative or the negative from the Defendant.

## FACTS

10.    The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 9 as if fully stated herein.

11.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 11 of the Complaint.

12.     The Defendant is without sufficient information  to either admit or deny the allegations contained within paragraph 12 of the Complaint.

13.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 13 of the Complaint.  To the extent that Paragraph 13 alleges wrongdoing on the part of the police officer, the allegation is denied.

14.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 14 of the Complaint.

15.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 15 of the Complaint.

16.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 16 of the Complaint.

17.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 17 of the Complaint..

18.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 18 of the Complaint..

19.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 19 of the Complaint.

20.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 20 of the Complaint.  To the extent that Paragraph 20  alleges wrongdoing on the part of the police officer, the allegation is denied

21.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 21 of the Complaint.  To the extent that Paragraph 21 alleges wrongdoing on the part of the police officer, the allegation is denied

22.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 22 of the Complaint.  To the extent that Paragraph 22 alleges wrongdoing on the part of the police officer, the allegation is denied.

23.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 23 of the Complaint.  To the extent that Paragraph 23 alleges wrongdoing on the part of the police officer, the allegation is denied.

24.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 24 of the Complaint.  To the extent that Paragraph 24 alleges wrongdoing on the part of police officers, the allegation is denied.

25.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 25 of the Complaint.  To the extent that Paragraph 25 alleges wrongdoing on the part of police officers, the allegation is denied.

26.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 26 of the Complaint.  To the extent that Paragraph 26 alleges wrongdoing on the part of police officers, the allegation is denied.

27.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 27 of the Complaint.  To the extent that Paragraph 27 alleges wrongdoing on the part of police officers, the allegation is denied.

28.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 28 of the Complaint.  To the extent that Paragraph 28 alleges wrongdoing on the part of police officers, the allegation is denied.

29.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 29 of the Complaint.  To the extent that Paragraph 29 alleges wrongdoing on the part of police officers, the allegation is denied.

30.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 30 of the Complaint.  To the extent that Paragraph 30 alleges wrongdoing on the part of police officers, the allegation is denied.

31.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 31 of the Complaint.  To the extent that Paragraph 31 alleges wrongdoing on the part of police officers, the allegation is denied.

32.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 32 of the Complaint.

33.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 33 of the Complaint.  To the extent that Paragraph 33 alleges wrongdoing on the part of police officers, the allegation is denied.

34.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 34 of the Complaint.  To the extent that Paragraph 34 alleges wrongdoing on the part of police officers, the allegation is denied.

35.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 35 of the Complaint.

36.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 36 of the Complaint.

37.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 37 of the Complaint.  To the extent that Paragraph 37 alleges wrongdoing on the part of police officers, the allegation is denied.

## COUNT I
### USE OF EXCESSIVE FORCE
### IN VIOLATION OF THE FOURTH AMENDMENT
### (AGAINST ALL DEFENDANTS WITH THE EXCEPTION OF ERIC CERULLO)

38.    The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 37 as if fully stated herein.

39.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 39 of the Complaint.  To the extent that Paragraph 39 alleges wrongdoing on the part of the police officer, the allegation is denied.

40.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 40 of the Complaint.  To the extent that Paragraph 40 alleges wrongdoing on the part of the police officer, the allegation is denied.

41.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 41 of the Complaint.  To the extent that Paragraph 41 alleges wrongdoing on the part of the police officer, the allegation is denied.

42.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 42 of the Complaint.  To the extent that Paragraph 42 alleges wrongdoing on the part of the police officers, the allegation is denied.

43.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 43 of the Complaint.  To the extent that Paragraph 43 alleges wrongdoing on the part of the police officers, the allegation is denied.

44.    Denied.

45.    The averments contained in Paragraph 45 do not require a response in the affirmative or negative from the Defendant.

46.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 46 of the Complaint.  To the extent that Paragraph 46 alleges wrongdoing on the part of the police officers, the allegation is denied.

47.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 47 of the Complaint.  To the extent that Paragraph 47 alleges wrongdoing on the part of the police officers, the allegation is denied.

48.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 48 of the Complaint.  To the extent that Paragraph 48 alleges wrongdoing on the part of the police officers, the allegation is denied.

     **WHEREFORE**, the Defendant, City of Lawrence/City of Lawrence Police Department,  requests that this Court dismiss this action, with costs to the Defendant.

## COUNT II

### CRUEL AND UNUSUAL PUNISHMENT
### IN VIOLATION OF THE EIGHTH AMENDMENT
### (AGAINST ALL DEFENDANTS)

49.    The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 48 as if fully stated herein.

50.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 50 of the Complaint.  To the extent that Paragraph 50 alleges wrongdoing on the part of the police officers, the allegation is denied.

51.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 51 of the Complaint.  To the extent that Paragraph 51 alleges wrongdoing on the part of the police officers, the allegation is denied.

52.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 52 of the Complaint. To the extent that Paragraph 52 alleges wrongdoing on the part of the police officers, the allegation is denied.

53.     The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 53 of the Complaint. To the extent that Paragraph 53 alleges wrongdoing on the part of the police officers, the allegation is denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

        **WHEREFORE**, the Defendant, City of Lawrence/Lawrence Police Department, requests that this Court dismiss this action, with costs to the Defendant.


### COUNT III
### ASSAULT AND BATTERY
### (AGAINST DEFENDANTS RYAN SHAFFER, MICHAEL FORNESI, AND JOHN FORNESI)

58.     The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 57 as if fully stated herein.

59.     The averments contained in Paragraph 59 require a response to conclusions that have not been admitted by the Defendant. To the extent that Paragraph 59 alleges wrongdoing on the part of the police officers, the allegation is denied

60.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 60 of the Complaint.  To the extent that Paragraph 60 alleges wrongdoing on the part of the police officers, the allegation is denied.

61.    The averments contained in Paragraph 61 require a response to conclusions that have not been admitted by the Defendant.   To the extent that Paragraph 59 alleges wrongdoing on the part of the police officers, the allegation is denied.

62.    The Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 62 of the Complaint.  To the extent that Paragraph 62 alleges wrongdoing on the part of the police officers, the allegation is denied.

**WHEREFORE**, the Defendant, City of Lawrence/Lawrence Police Department, requests that this Court dismiss this action, with costs to the Defendant.

**COUNT IV**
**MONELL LIABILITY**
**(AGAINST CITY OF LAWRENCE, MASSACHUSETTS)**

63.    The Defendant, City of Lawrence, incorporates by reference its responses to paragraphs 1 through 62 as if fully stated herein.

64.    Denied.

65.    Denied.
66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

**WHEREFORE**, the Defendant, City of Lawrence/Lawrence Police Department,
requests that this Court dismiss this action, with costs to the Defendant.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant, City of Lawrence, says that if it was negligent, which it denies, it is
not liable to the Plaintiff because it did not owe the Plaintiff a special duty of care different
from the duty of care owed the general populace.

### SECOND DEFENSE

The Defendant is  immune from liability for intentional torts as provided in
Massachusetts General Laws chapter 258, section 10.

### THIRD DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

The Defendant says that the claim alleged is based upon the exercise or performance
or the failure to exercise or perform a discretionary function or duty on the part of the City
of Lawrence or its servants, agents, employees, and officials, acting within the scope of their

office of employment and therefore, this action is barred in accordance with the provisions of General Laws, chapter 258, section 10(b).

## FIFTH DEFENSE

The Defendant states that the Plaintiff was rightly detained and that the detention was for a reasonable period of time.

## SIXTH DEFENSE

The Defendant states that any force used to detain the Plaintiff was reasonable under the circumstances.

## SEVENTH DEFENSE

Any damages incurred by the Plaintiff as alleged in the Complaint was the result of his own intentional and illegal conduct and he is therefore barred from recovery.

## EIGHTH DEFENSE

The Plaintiff's Complaint against the Defendant is frivolous, without any basis in fact and not advanced in good faith and therefore, the Defendant is entitled to attorney's fees, costs and any other sanctions that the Court deems appropriate under the terms and provisions of 42 U.S.C., section 1983.

## NINTH DEFENSE

The Defendant states that its employees' conduct and actions were performed according to and protected by law and/or legal process and therefore the Plaintiff cannot recover.

## TENTH DEFENSE

The Defendant states that its employees were privileged in their conduct and that therefore the Plaintiff cannot recover.

## ELEVENTH DEFENSE

The Defendant states that its employees were justified in their conduct and acts and are therefore not liable to the Plaintiff as alleged in the Complaint.

## TWELFTH DEFENSE

The Defendant states that, if the Plaintiff suffered injuries in damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendant is not legally responsible.

## THIRTEENTH DEFENSE

The Complaint fails to establish that the enjoyment of rights secured by the Constitution, Laws of the United States or the Commonwealth of Massachusetts that was interfered with by the Defendants.

## FOURTEENTH DEFENSE

At the time of the alleged incident, the Plaintiff was not in the exercise of due care and, as a consequence thereof, this action is barred in whole or in part.

## FIFTEENTH DEFENSE

The Defendant states that the injuries alleged by the Plaintiff were or are the consequence of conditions or conduct for which the Defendant is not answerable in damages.

THE DEFENDANT, CITY OF LAWRENCE CLAIMS A TRIAL BY JURY ON THE ISSUES SO TRIABLE.

Respectfully submitted,
City of Lawrence
By its Attorney,

*/s/ James M. Bowers, Esq.*
James M. Bowers, Esq.
Assistant City Attorney
BBO NO. 558759
Room 306 - City Hall
200 Common Street
Lawrence, MA 01840
(978) 620-3030

Dated: November 25, 2009

## CERTIFICATE OF SERVICE

I, James M. Bowers, hereby certify that I have served a copy of the within **Answer of the Defendant, City of Lawrence/Lawrence Police Department,** by mailing postage pre-paid, to:

Viktor Theiss, Esq.
KormannTheiss, LLC
359 Boylston Street
4th floor
Boston, MA 02116

Matthew E. Dwyer Esq.
Mark J. Esposito, Esq.
Dwyer & Duddy
Two Center Plaza
Suite 430
Boston, MA 02108-1804

Mark A. Hickernell, Esq.
McDonald, Lamond, & Canzoneri
153 Cordaville Road
Southboro, MA 01772

Signed under the pains and penalties of perjury this 1st day of December, 2009.

*/s/ James M. Bowers, Esq.*
James M. Bowers, Esq.