UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
DAVID SCONDRAS                              )
         Plaintiff                          )
                                            )
v.                                          )        Civil Action No. 09-11657-NMG
                                            )
CITY OF LAWRENCE, and RYAN                  )
SHAFFER, ERIC CERULLO, JOHN                 )
FORNESI, MICHAEL FORNESI and SGT.           )
PAPPALRDO, Individually and as              )
Police Officers Of the City of Lawrence,    )
         Defendants                         )
_____)

## ANSWER AND JURY DEMAND OF OFFICER JOHN FORNESI

1. Paragraph 1 of the Complaint is a statement of which constitutional provisions and statutes under which Plaintiff seeks relief and the laws that confer jurisdiction upon this Court to hear those claims, and accordingly, no response is required. To the extent a response is required, Defendant does not have sufficient information to determine the truth or validity of the statements contained in Paragraph 1.

2. Paragraph 2 of the Complaint is a statement of which laws confer jurisdiction upon this Court to hear the claims stated by the Complaint, and accordingly, no response is required. To the extent a response is required, Defendant does not have sufficient information to determine the truth or validity of the statements contained in Paragraph 2.

3. The Defendant does not have sufficient information to determine the truth of the matters asserted by Paragraph 3.

4. Admitted.

5. Defendant does not have sufficient information to determine the truth of the matters asserted by the first sentence of Paragraph 5. To the extent the second sentence of Paragraph 5 is a characterization of the Plaintiff's claims, no response is required.

6. Admitted to the extent that Eric Cerullo is currently an officer of the Lawrence Police Department. To the extent the first sentence of Paragraph 6 refers to some other unspecified time period, Defendant does not have sufficient information to respond. To the extent the second sentence of Paragraph 6 is a characterization of the Plaintiff's claims, no response is required.

7. Admitted to the extent that John Fornesi is currently an officer of the Lawrence Police Department. To the extent the first sentence of Paragraph 7 refers to some other unspecified time period, Defendant does not have sufficient information to respond. To the extent the second sentence of Paragraph 7 is a characterization of the Plaintiff's claims, no response is required.

8. Admitted.

9. Defendant does not have sufficient information to determine the truth of the matters asserted by the first sentence of Paragraph 9. To the extent the second sentence of Paragraph 9 is a characterization of the Plaintiff's claims, no response is required.

10. Paragraph 10 contains no legal or factual assertions and, therefore, no response is required.

11. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 11 of the Complaint. To the extent a response is required, the allegations are denied.

12. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 12 of the Complaint. To the extent a response is required, the allegations are denied.

13. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 13 of the Complaint. To the extent a response is required, the allegations are denied.

14. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 14 of the Complaint. To the extent a response is required, the allegations are denied.

15. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 15 of the Complaint. To the extent a response is required, the allegations are denied.

16. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 16 of the Complaint. To the extent a response is required, the allegations are denied.

17. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 17 of the Complaint. To the extent a response is required, the allegations are denied.

18. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 18 of the Complaint. To the extent a response is required, the allegations are denied.

19. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 19 of the Complaint. To the extent a response is required, the allegations are denied.

20. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 20 of the Complaint. To the extent a response is required, the allegations are denied.

21. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 21 of the Complaint. To the extent a response is required, the allegations are denied.

22. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 22 of the Complaint. To the extent a response is required, the allegations are denied.

23. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 23 of the Complaint. To the extent a response is required, the allegations are denied.

24. Defendant does not have sufficient knowledge to respond to the allegations contained in the first two sentences of Paragraph 24 of the Complaint. To the extent a response is required, the allegations contained in the first two sentences of Paragraph 24 are denied. The allegations contained in the third sentence of Paragraph 24 are denied.

25. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 25 of the Complaint. To the extent a response is required, the allegations are denied.

26. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 26 of the Complaint. To the extent a response is required, the allegations are denied.

27. Admitted to the extent Paragraph 27 alleges Plaintiff was transported to the Lawrence Police station in a police cruiser. To the extent Paragraph 27 alleges the Plaintiff was booked at the police station by Sergeant Pappalardo, the allegations are denied.

28. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 28 of the Complaint. To the extent a response is required, the allegations are denied.

29. Denied.

30. To the extent Paragraph 30 alleges that Officer Fornesi searched the Plaintiff at the Lawrence Police Station, the allegations are admitted. To the extent that Paragraph 30

       alleges that Officer Fornesi placed Plaintiff in a holding cell at the Lawrence Police station, Officer Fornesi does not recall at this time.

31. Denied.

32. Admitted.

33. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 33 of the Complaint. To the extent a response is required, the allegations are denied.

34. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 34 of the Complaint. To the extent a response is required, the allegations are denied.

35. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 35 of the Complaint. To the extent a response is required, the allegations are denied.

36. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 36 of the Complaint. To the extent a response is required, the allegations are denied.

37. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 37 of the Complaint. To the extent a response is required, the allegations are denied.

38. Paragraph 38 contains no legal or factual assertions and, therefore, no response is required.

39. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 39 of the Complaint. To the extent a response is required, the allegations are denied.

40. Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 40 of the Complaint. To the extent a response is required, the allegations are denied.

41. Paragraph 41 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 41 are denied.

42. Defendant does not have sufficient knowledge to respond to the allegations contained in the first sentence of Paragraph 42 of the Complaint. The allegations stated by the second sentence of Paragraph 42 of the Complaint are denied.

43. Denied.

44. Paragraph 44 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 44 are denied.

45. Paragraph 45 of the Complaint states a legal conclusion and, therefore, no response is required.

46. Paragraph 46 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 46 are denied.

47. To the extent Paragraph 47 of the Complaint alleges that Officer Fornesi did not offer or provide medical care to Plaintiff at the scene of the arrest, the allegation is admitted. To the extent that Paragraph 47 of the Complaint alleges that medical care was not offered or provided to Plaintiff by anyone at the scene of the arrest, Officer Fornesi does not have adequate information to respond.

48. Paragraph 48 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant does not have sufficient knowledge to respond to the allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 contains no legal or factual assertions and, therefore, no response is required.

50. Paragraph 50 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 50 are denied.

51. Paragraph 51 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 51 are denied.

52. Paragraph 52 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 52 are denied.

53. Defendant does not have sufficient information to respond to the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 54 are denied.

55. Denied.

56. Denied.

57. To the extent Paragraph 57 of the Complaint states a legal conclusion, no response is required. To the extent a response is required, the allegations of Paragraph 57 are denied.

58. Paragraph 58 contains no legal or factual assertions and, therefore, no response is required.

59. Paragraph 59 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant does not have sufficient information to respond to the allegations contained in Paragraph 59 of the Complaint.

60. Denied.

61. Paragraph 61 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 61 are denied.

62. Defendant does not have sufficient information to respond to the allegations of Paragraph 62.

63. Paragraph 63 contains no legal or factual assertions and, therefore, no response is required.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied

69. Paragraph 69 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations of Paragraph 69 are denied.

## AFFIRMATIVE DEFENSES

### First Defense

Defendant Officer John Fornesi enjoys qualified immunity from suit for actions taken within his official capacity, and is, therefore, shielded him from liability for damages attributable to the types of injuries Plaintiff alleges he suffered in Counts I-III of the Complaint.

### Second Defense

Plaintiff's statutory period for filing claims of the type set forth in Counts I – III above expired prior to Plaintiff's filing of the Complaint.

### Third Defense

Defendant did not violate any clearly established right of Plaintiff under state or federal law.

### Fourth Defense

To the extend Officer Fornesi used force against Plaintiff, he used only reasonable force as he is entitled to under the law.

### Fifth Defense

Defendant did not exercise deliberate indifference to a serious medical need of the Plaintiff.

### Sixth Defense

Officer Fornesi offered to obtain medial treatment for Plaintiff if it was needed.

Defendant reserves the right to assert any other defenses that may be available as they become known to Defendant.

**DEFENDANT OFFICER JOHN FORNESI DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                Respectfully submitted,
                **John Fornesi,**
                By his attorneys

                /s/ Ryan Dunn
                Matthew E. Dwyer, BBO # 139840
                Ryan P. Dunn, BBO # 666889
                Dwyer and Duddy, P.C
                Two Center Plaza, Suite 430
                Boston, MA 02108
                (617) 723-9777

December 2, 2009

CERTIFICATE OF SERVICE

     I, Ryan P. Dunn, Counsel for the Defendant, hereby certify that a true copy of the foregoing document was served upon:

James M. Bowers
261 Common Street
Lawrence, MA 01840

Viktor Theiss
Korman/Theiss, L.L.C.
359 Boylston Street, 4th Floor
Boston, MA 02116

by the ECF system this 2nd day of December, 2009.

                                                                                    /s/ Ryan Dunn
                                                                                    Ryan P. Dunn