UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) <br> DAVID SCONDRAS ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> CITY OF LAWRENCE, and RYAN ) <br> SHAFFER, ERIC CERULLO, JOHN ) <br> FORNESI, MICHAEL FORNESI and SGT. ) <br> PAPPALRDO, Individually and as ) <br> Police Officers Of the City of Lawrence, ) <br>     Defendants ) <br> _____ ) | Civil Action No. 09-11657-NMG |

### MEMORANDUM OF LAW INSUPPOTR OF OFFICER ERIC CERULLO'S MOTION TO DISMISS

Now comes Officer Eric Cerullo to make a motion to dismiss the count against him in the above captioned action. The allegations stated in the Complaint, even if proven true, do not support a count for failure to provide adequate medical treatment under the Eighth Amendment. Accordingly, the lone count raised against Officer Cerullo in the Complaint should be dismissed.

**I.      PLAINTIFF'S ALLEGATIONS**

The factual allegations raised by the Complaint that concern Officer Cerullo are brief. The Complaint alleged that Officer Cerullo booked the Plaintiff at the Lawrence Police station after Plaintiff had been arrested and transported to the station. See Complaint and Demand for Jury Trial, ¶ 32. The Complaint further alleges that the Plaintiff asked Officer Cerullo for medical treatment and that Officer Cerullo explained that in order for Plaintiff to receive medical attention immediately, Plaintiff would have to forego any opportunity to make bail that evening and would have to be held. See Complaint and Demand for Jury Trial, ¶ 33. Alternatively, Officer Cerullo explained, if the Plaintiff made bail promptly, he would be able to go to the

hospital himself. See Complaint and Demand for Jury Trial, ¶¶ 33-35. It is alleged that Officer Cerullo did not obtain, offer or provide Plaintiff with medical treatment. See Complaint and Demand for Jury Trial, ¶ 34. The Complaint raises no other allegations that concern Officer Cerullo's actions or failure to act, and the only legal claim Plaintiff raises against Officer Cerullo is for failure to provide him with medical attention in violation of the Eighth Amendment.

II. **A MOTION TO DISMISS SHOULD BE ALLOWED WHERE THE PLAINTIFFS HAVE FAILED TO ALLEGE FACTS THAT WOULD, IF PROVEN TRUE, ENTITLE THEM TO A RECOVERY.**

Federal Rules of Civil Procedure, Rule 12(b) reads, in part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

…

(6) failure to state a claim upon which relief can be granted; and

…

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Federal Rules of Civil Procedure, Rule 12(a)(4)(A) reads:

Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.

When deciding on a motion under Rule 12(b), this Court must accept the facts stated in the Complaint as true. See Lamoureaux v. Haight, 648 F.Supp. 1169, 1172 (D. Mass 1986). Further, "[t]he court must also view those alleged facts in the light most favorable to the plaintiff,

2

and the complaint may only be dismissed if 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [him] to relief.'" See id (quoting Conley v. Gibson, 355 U.S. 41 (1957)).

III.  **EVEN IF ALL OF THE FACTS ALLEGED AGAINST OFFICER CERULLO ARE TRUE, THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FAILURE TO PROVIDE ADEQUATE MEDICAL ATTENTION UNDER THE EIGHTH AMENDMENT.**

   A.  **To impose liability upon a law enforcement officer for failure to provide adequate medical treatment to a prisoner under the Eighth Amendment, it must be shown the officer acted with "deliberate indifference" toward a serious medical need of the prisoner of which the officer was subjectively aware.**

A law enforcement officer faces liability for failure to provide medical attention if he was deliberately indifferent to a prisoner's serious need for medical treatment. Kosilek v. Maloney, 221 F.Supp.2d 156, 160 (D.Mass. 2002).

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such evidence that can offend 'evolving standards of decency' in violation of the Eighth Amendment.
>
> Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The deliberate indifference standard embraces both objective and subjective components. Kosilek, 221 F.Supp.2d at 180. To satisfy the objective part of the deliberate indifference standard, the Plaintiff must demonstrate he had a serious medical need and the need was not met. See id. A serious medical need is a condition that "involves a substantial risk of serious harm if it is not adeautely treated." See id. A medical need is serious if it is one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the need for prompt medical attention. See id at 181. Adequate care is care that is "reasonably commensurate with modern medical science and of a quality acceptable within prudent

3

professional standards." Id (quoting United States v. DeCologero, 821 F.2d 39, 43 (1st Cir. 1987)). However, Plaintiff alleges that Officer Cerullo provided him with no medical care, so the adequacy of medical attention is not an issue in this matter.

The subjective part of the deliberate indifference standard requires a showing that the law enforcement officer allegedly responsible for the failure to provide treatment was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." See id at 181 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Mere negligence or lack of reasonable care on the part of the officer is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights. Farmer v. Brennan, 511 U.S. 825, 837-40 (1994). That standard has been likened to the standard for recklessness under the criminal law. See id at 839-40.

### B. The allegations raised against Officer Cerullo are insufficient to state a claim for failure to provide the Plaintiff adequate medical treatment under the Eighth Amendment.

The Plaintiff bemoans that Officer Cerullo did not offer him medical attention, but fails to acknowledge that such an offer would have been pointless – the Complaint specifically states that the Plaintiff asked Officer Cerullo for medical treatment. See Complaint and Demand for Jury Trial, ¶ 33. The Complaint does not allege, though, that Officer Cerullo refused to obtain medical treatment for the Plaintiff. Instead, the Plaintiff alleges that Officer Cerullo explained the Plaintiff's options with respect to obtaining medical attention. See Complaint and Demand for Jury Trial, ¶ 33. The Complaint alleges that the events culminating in the arrest of the Plaintiff started at or about 12:30 a.m. when Plaintiff was logged on to an internet chat room. See Complaint and Demand for Jury Trial, ¶ 11. Given that further time elapsed after 12:30 a.m. before the Plaintiff arrived for booking at the Lawrence Police station, it was quite late at night

when the Plaintiff was booked and. The Plaintiff's opportunity to make bail that evening was dependent on getting booked and in front of a bail commissioner promptly.

As noted in the Complaint, Officer Cerullo explained to Plaintiff that if he summoned medical attention for the Plaintiff at the time he was booked, the Plaintiff would not be able to get before the bail commissioner. See Complaint and Demand for Jury Trial, ¶¶ 33. However, if the Plaintiff went before the bail commissioner promptly, then the Plaintiff would be free to obtain medical attention through his preferred provider on his own terms and would not have to be held until the following day to be arraigned or bailed. The Complaint fails to allege that Officer Cerullo refused to obtain medical treatment for the Plaintiff. Instead, it appears from the Complaint that given the late hour, Officer Cerullo judged it was better to allow the Plaintiff to make the decision himself on whether to receive treatment immediately, or to try to make bail. See Complaint and Demand for Jury Trial, ¶ 33. Indeed, the Plaintiff was able to make bail and promptly sought treatment at a medical facility near his home in Cambridge. See Complaint and Demand for Jury Trial, ¶¶ 3, 35.

The deliberate indifference standard imposes a considerable burden of pleading and evidence upon the Plaintiff. The Plaintiff must prove not only that he had a serious medical need at the time of the alleged Constitutional violation, but that the Defendant actually knew Plaintiff had a serious medical need and ignored it. Kosilek v. Maloney, 221 F.Supp. 2d at 180-81. The Plaintiff, however, has not alleged any facts that suggest he had a need for medical treatment that was so obvious even a lay person could readily perceive it. Kosilek v. Maloney, 221 F.Supp. 2d at 180. The Complaint alleges that Plaintiff bled "profusely" from a cut on his head after being arrested, but does not allege Officer Cerullo observed his wound. Indeed, even if Officer Cerullo did observe that the Plaintiff had a cut on his head during booking, there is nothing about a cut

5

that inherently suggests a serious medical need within the meaning of the Eighth Amendment jurisprudence. It was within Officer Cerullo's discretion to conclude that any cut was merely a superficial injury that could be dealt with in due course. In fact, the Plaintiff specifically alleges that he went to the Cambridge Medical Center after making bail and the cut was effectively treated. See Complaint and Demand for Jury Trial, ¶ 36. There is nothing in the Complaint that suggests the lapse of time between booking and treatment of the cut caused the Plaintiff any harm, and the Complaint fails to even allege that Officer Cerullo was aware of a cut on Plaintiff's head.

      The Plaintiff's other medical issues identified in the Complaint, including bruises and seepage from a cyst on his brain, do not support his claim against Officer Cerullo either. There is no allegation that Officer Cerullo would have been able to observe any bruises Plaintiff suffered, and moreover, there is nothing about a bruise that suggests an immediate need for medical attention. Indeed, if Officer Cerullo did observe a bruise on the Plaintiff's body, the normal response would be that a bruise does not normally warrant any medical attention, let alone immediate medical attention. Further, there is no allegation that Officer Cerullo had knowledge of the Plaintiff's alleged prior concussion and attendant brain cyst, or that the events of that evening had affected the condition of the cyst. For the Plaintiff's claim against Officer Cerullo to stand requires that Officer Cerullo literally be able to look inside his head. The deliberate indifference standard does not require law enforcement officers to be so omniscient, and accordingly, the count against Officer Cerullo should be dismissed.

        Respectfully submitted,
        **Eric Cerullo,**
        By his attorneys


        _/s/ Ryan Dunn_____
        Matthew E. Dwyer, BBO # 139840
        Ryan P. Dunn, BBO # 666889
        Dwyer and Duddy, P.C
        Two Center Plaza, Suite 430
        Boston, MA 02108
        (617) 723-9777

December 8, 2009


## CERTIFICATE OF SERVICE

I, Ryan P. Dunn, Counsel for the Defendant, hereby certify that a true copy of the foregoing document was served upon:

James M. Bowers
261 Common Street
Lawrence, MA 01840

Viktor Theiss
Korman/Theiss, L.L.C.
359 Boylston Street, 4th Floor
Boston, MA 02116

by the ECF system this 8th day of December, 2009.

        _/s/ Ryan Dunn_____
        Ryan P. Dunn